# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | **CRIMINAL ACTION** |
| PETER D. HAIGIS, | ) ) | **NO. 13-4149-DHH** |
| Defendant. | ) ) | |

## ORDER

### May 13, 2014

Hennessy, M.J.

Defendant Peter D. Haigis has moved to preclude the United States from introducing at trial Defendant's refusal to take a breathalyzer test, alleging that such evidence is not admissible under Massachusetts state law. (Docket #20). The United States has filed a response to the motion (Docket #24), and this matter is now ripe for adjudication. For the reasons that follow, the motion is **DENIED**.

## I. BACKGROUND

On July 13, 2013, at about 4:10 in the afternoon, Peter D. Haigis drove a vehicle onto Fort Devens military installation. To officers at the gate, it appeared that Haigis was operating under the influence of alcohol. They asked Haigis to perform a series of field sobriety tests, which he failed. A field breath test further indicated that Haigis was intoxicated. Haigis was transported to the Shirley Police Department for processing. He was given the opportunity to take a breathalyzer test, and refused.

Haigis was charged in federal court by a violation notice under the Assimilative Crimes Act, 18 U.S.C. § 13(a), which, in essence, provides that when a crime in committed on a federal enclave (like Fort Devens), the federal government assimilates the then-effective laws of the state in which the enclave is situated. U.S. v. Sharpnack, 355 U.S. 286, 292 (1958). Fort Devens is a federal enclave, and so Haigis is before this Court for allegedly operating a motor vehicle under the influence of alcohol in violation of the Massachusetts state law regarding the same. In connection with this prosecution, the United States has indicated that it expects to offer during its case-in-chief, Haigis' refusal to take a breathalyzer test. Haigis has filed a motion to preclude the introduction of his refusal. (Docket #20).

## II.  ANALYSIS

Haigis asserts that evidence of his refusal to take a breath alcohol test is inadmissible. He cites Commonwealth v. Lopes, 459 Mass. 165 (2011), which in turn alludes to an advisory opinion issued by the Massachusetts Supreme Judicial Court, Opinion of the Justices, 412 Mass. 1201 (1992). In the latter, the Justices opined that evidence of a refusal to take a breath test would violate a person's right against self-incrimination under the Massachusetts Constitution. Id. at 1210-11. In reaching this conclusion, the Justices distinguished the United States Constitution, noting the "difference in the phraseology between the Massachusetts Constitution and the Fifth Amendment." Id. at 1210. However persuasive this argument might be in a courtroom of the Commonwealth, it must fail here where federal law, including the U.S. Constitution, governs the admissibility of evidence in federal court. "It is well settled that in federal prosecutions[,] evidence admissible under federal law cannot be excluded because it would be inadmissible under state law." United States v. Quinones, 758 F.2d 40, 43 (1st Cir. 1985) (citing cases). In Quinones, the First Circuit Court of Appeals upheld the admissibility of

narcotics-related conversations recorded by a cooperating accomplice over the defendant's objection that the Constitution of the Commonwealth of Puerto Rico expressly prohibited wiretapping and the admissibility of wiretap recordings.  Id.  See also United States v. Sutherland, 929 F.2d 765, 771 (1st Cir. 1991) ("[W]e hold that in federal criminal prosecutions, the admissibility of wiretap evidence is a question of federal law."); Elkins v. United States, 364 U.S. 206, 224 (1960) (To determine whether there has been an unreasonable search and seizure, the test "is one of federal law, neither enlarged by what one state court may have countenanced, nor diminished by what another may have colorably suppressed.").  Thus, Haigis' reliance on the Massachusetts Constitution and an advisory opinion of the Supreme Judicial Court to keep out evidence of his refusal to take a breath alcohol test is misplaced in his federal prosecution.

As a matter of federal law, the Court has held that the admission into evidence of a defendant's refusal to consent to a breath alcohol test does not violate his or her Fifth Amendment privilege against self-incrimination.  See South Dakota v. Neville, 459 U.S 553, 564 (1983).  Neville is an extension of Justice Holmes' discussion in Holt v. United States, 218 U.S. 245 (1910) of the scope of the constitutional prohibition against compelled testimony.  He wrote: "the prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material.  The objection in principle would forbid a jury to look at a prisoner and compare his features with a photograph in proof."  Id. at 252-53.  See also United States v. Serra, No. 06-1138-JGD, 2007 WL 128848, at *1 (D. Mass. Jan. 12, 2007) (rejecting motion to suppress breath test on basis of Opinion of the Justices, where the prosecution was proceeding in federal court).

Applying federal law, the admission of Haigis' refusal to consent to a breath alcohol test would not violate his Fifth Amendment privilege against self-incrimination. The government is therefore allowed to offer evidence of the refusal to consent during its case-in-chief in this prosecution.

## III. CONCLUSION

For the foregoing reasons, Haigis' Motion to Preclude evidence of his refusal to consent to a breath alcohol test (Docket #20) is hereby **DENIED**.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE